**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **YARISLEIDY HERNANDEZ LEBON #A216-969-510** | **CIVIL ACTION 6:26-CV-01326 SEC P** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **MICHA NEAL ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by pro se Petitioner Yarisleidy Hernandez-Lebon ("Hernandez-Lebon"), an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana.

Because Hernandez-Lebon does not state a viable claim for relief, the Petition should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Hernandez-Lebon is a native and citizen of Cuba. She asserts that she is being mandatorily detained by Immigration and Customs Enforcement ("ICE") while removal proceedings under § 240 of the Immigration and Nationality Act remain pending. Doc. 1 at 1.

On March 9, 2026, an Immigration Judge denied Hernandez-Lebon's applications for asylum, withholding of removal, and protection under the

Convention Against Torture and ordered her removed to Cuba or, alternatively, to a third country. Doc. 1 at 2; Doc. 1-2 at 2. Hernandez-Lebon appealed the Immigration Judge's decision to the Board of Immigration Appeals ("BIA"), and she represents that the appeal remains pending. Doc. 1 at 2. Although the Petition asks for the dates on which Hernandez-Lebon entered immigration custody and the removal order was entered, Hernandez-Lebon did not provide those dates in the designated section. Doc. 1 at 4.

Hernandez-Lebon alleges that ICE has refused to release her and that her detention has continued for more than 180 days. Doc. 1 at 2. She claims that her detention violates 8 U.S.C. § 1231(a)(6) because ICE is unlikely to remove her in the reasonably foreseeable future. Doc. 1 at 6. She further alleges that her continued detention violates the Due Process Clauses of the Fifth and Fourteenth Amendments. *Id*. As relief, Petitioner seeks immediate release from ICE custody and termination of her mandatory detention. Doc. 1 at 7.

## II. <u>Law and Analysis</u>

Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to petitions filed under 28 U.S.C. § 2241, permits dismissal when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See* Rules Governing § 2254 Cases R. 1(b), 4; *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Although a pro se petition must be liberally construed, conclusory

allegations are insufficient to establish a constitutional violation or entitlement to habeas relief. *Ross v. Estelle*, 694 F.2d 1008, 1011–12 (5th Cir. 1983).

## A. Hernandez-Lebon's Claim Under § 1231 and *Zadvydas*

The statutory authority governing immigration detention depends upon the procedural posture of the removal proceedings. Section 1231 generally governs detention after a removal order becomes administratively final. *See* 8 U.S.C. § 1231(a)(1)(B). An order of removal becomes final when the BIA affirms the order or when the period for seeking BIA review expires. 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a), (c). The removal period ordinarily begins on "[t]he date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).

During the 90-day removal period, detention is mandatory. *See* 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) authorizes continued detention of certain aliens beyond that period. In *Zadvydas v. Davis*, 533 U.S. 678, 689, 699 (2001), the Supreme Court construed § 1231(a)(6) to authorize detention only for the period reasonably necessary to effect removal. The Court recognized six months as a presumptively reasonable period of post-order detention. *Id.* at 701. Expiration of that period does not, however, entitle a detainee to automatic release. After six months, the detainee must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Thereafter, the burden shifts to the Government to rebut the showing, with evidence.

*Id.*; *Idowu v. Ridge*, No. 3:03-CV-1293, 2003 WL 21805198, at *3 (N.D. Tex. Aug. 4, 2003).

Hernandez-Lebon's reliance on § 1231 and *Zadvydas* is misplaced. Although the Immigration Judge ordered her removed on March 9, 2026, her appeal remains pending before the BIA. Doc. 1 at 2.[1] The removal order is therefore not administratively final; the statutory removal period has not commenced; and Hernandez-Lebon is not detained pursuant to § 1231(a)(6). *See* 8 U.S.C. §§ 1101(a)(47)(B), 1231(a)(1)(B)(i). Consequently, the six-month period recognized in *Zadvydas* has not begun. Hernandez-Lebon's total period of immigration detention does not constitute post-final-order detention for purposes of *Zadvydas*.

Moreover, even if Hernandez-Lebon were detained pursuant to § 1231(a)(6), she has not alleged facts satisfying her initial burden. Hernandez-Lebon states only that "ICE is not likely to remove petitioner in the near future." Doc. 1 at 6. She does not allege that Cuba has refused to accept her, that Cuba has declined to issue travel documents, that ICE has unsuccessfully attempted to remove her, or that any other practical impediment prevents her removal. Her attached brief addresses the dangers she allegedly would face in Cuba and the merits of her applications for asylum, withholding of removal, and CAT protection—not whether her removal can

[1] *See also* Executive Office for Immigration Review Automated Case Information, last visited August 6, 2026. https://acis.eoir.justice.gov/en/caseInformation.

be accomplished. Doc. 1-2 at 2–15. Thus, the attachment does not provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future. Hernandez-Lebon's § 1231 claim should therefore be dismissed without prejudice as premature.

### B. Hernandez-Lebon's Due-Process Claims

Hernandez-Lebon also alleges that her continued detention violates the Due Process Clauses of the Fifth and Fourteenth Amendments. Doc. 1 at 6. Because Hernandez-Lebon challenges detention by federal officials, the Fifth Amendment, rather than the Fourteenth Amendment, supplies the applicable due-process protection. *See Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Therefore, her Fourteenth Amendment claim fails.

Hernandez-Lebon's Fifth Amendment allegations likewise do not state an independent claim for relief. She alleges only that ICE is depriving her of liberty and that her detention is "prolonged." Doc. 1 at 6. She does not identify the statutory provision governing her pre-final-order detention, provide the date on which that detention began, allege that she requested and was denied a bond or custody hearing, describe any custody-review proceedings, or request an individualized bond hearing. Instead, she expressly predicates her claim on § 1231, the six-month *Zadvydas* period, and the alleged unlikelihood of removal. *Id.* As explained above, that framework does not apply while her direct BIA appeal remains pending.

Although the Supreme Court has left open whether mandatory pre-final-order detention may become unconstitutional in a particular case, *see Jennings v. Rodriguez*, 583 U.S. 281, 312–14 (2018), Hernandez-Lebon's conclusory allegations do not present such an as-applied challenge. Accordingly, her Fifth Amendment claim should also be dismissed without prejudice.

For these reasons, it plainly appears from the Petition and its attachments that Hernandez-Lebon is not presently entitled to habeas relief. The Petition should be dismissed without prejudice to her ability to assert a properly supported challenge to her pre-final-order detention or, if her removal order later becomes final, a claim under *Zadvydas*.

## III. <u>Conclusion</u>

For the foregoing reasons, IT IS RECOMMENDED that the Petition be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Signed at Lafayette, Louisiana on this 10th day of August, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE